**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

MICHAEL GLENN PICKENS                                                    PLAINTIFF
ADC #91738

v.                                            NO. 2:09CV00081 JLH/HDY

MOSES JACKSON, *et al.*                                                   DEFENDANTS

## ORDER

The Court has reviewed the Proposed Findings and Partial Recommended Disposition

submitted by United States Magistrate Judge H. David Young, and the objections filed.  After

carefully considering the objections and making a *de novo* review of the record in this case, the Court

concludes that the Proposed Findings and Partial Recommended Disposition should be, and hereby

are, approved and adopted in their entirety as this Court's findings in all respects.

The undersigned first concluded that there were genuine factual disputes for trial after making

a *de novo* review of the record when Magistrate Judge Young recommended dismissing the action

following a pre-jury evidentiary hearing.  Document #188.  The undersigned came to the same

conclusion in conducting a *de novo* review following Magistrate Judge Young's recommendation that

the defendants' motion for summary judgment be granted in part and denied in part.  Document #247.

Nothing in the motion for reconsideration persuades the Court to the contrary.

The critical issue is whether the affidavits of inmates other than Pickens are sham affidavits.

As explained by Magistrate Judge Young, they are not.  Those affidavits were executed long before

the defendants' motion for summary judgment was filed, not in response to it; and they do not

contradict the testimony of Pickens, despite the defendants' strenuous arguments that they do.  While

the other inmates saw or heard things that Pickens did not see or hear, that fact does not mean that

the affidavits are sham.  A reasonable jury would be entitled to believe testimony of those inmates.

If those affidavits are believed, a reasonable jury could infer that the protective shield was removed

from the germicidal bulbs in retaliation for verbal altercations between inmates and officers.  While

the defendants have stated that they were ignorant of the fact that exposure to ultraviolet lights could

cause harm, a jury is not required to accept their testimony; and unless their testimony is regarded as

undisputed, there is, as noted, a genuine dispute of material fact that must be decided.  That genuine

dispute of material fact precludes a finding that the defendants are entitled to qualified immunity as

well as summary judgment on the merits.

IS THEREFORE ORDERED THAT defendants' motion for reconsideration is DENIED

(Document #248), and the Court's order is clarified to make clear that defendants are not entitled to

qualified immunity because there are genuine material factual disputes for a jury to decide.  The

defendants' argument of qualified immunity requires reviewing the record in the light most favorable

to them, which is impermissible.  *Williams v. Jackson*, 600 F.3d 1007 (8th Cir. 2010).

IT IS SO ORDERED this 27th day of June, 2012.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE