## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

MICHAEL GLENN PICKENS                                                      PLAINTIFF
ADC #91738

v.                                          NO. 2:09CV00081 JLH

MOSES JACKSON, Captain, East Arkansas
Regional Unit, Arkansas Department of
Correction; MARION BEARD, Lt., East
Arkansas Regional Unit, Arkansas Department
of Correction; and JEREMY ANDREWS,
Field Major, East Arkansas Regional Unit,
Arkansas Department of Correction                                          DEFENDANTS

### ORDER

Both sides have filed motions *in limine* in this case, while the defendants have also filed a

motion for protective order and a motion to strike the plaintiff's deposition designations.

### PLAINTIFF'S MOTION IN LIMINE

Michael Glenn Pickens has moved *in limine* to exclude evidence of or mention of his criminal

history, his disciplinary record, and irrelevant grievances.  Rule 609(a) provides that for attacking a

witness's character for truthfulness by evidence of a criminal conviction, evidence of a felony must

be admitted in a civil case subject to Rule 403.  Rule 609(b) provides that if more than ten years have

past since the witness's conviction or release from confinement, whichever is later, evidence of a

conviction is admissible only if its probative value substantially outweighs its prejudicial effect.

Here, according to the motion *in limine*, Pickens has two convictions for rape.  He was

convicted in 1989 and served a ten year sentence.  He was convicted again in 2001 and was sentenced

to life imprisonment.  As to the 1989 conviction, the probative value is substantially outweighed by

the danger of unfair prejudice, so evidence of that conviction will be excluded.

As to the conviction for which Pickens is currently incarcerated, if Pickens testifies the defense is entitled to cross-examine him and establish that he is currently serving a term of life imprisonment for a felony conviction.  The defense need elicit nothing more than those bare facts unless Pickens opens the door to further inquiry.

Pickens next moves *in limine* to exclude evidence regarding numerous incidents of disciplinary actions or punishment by the Arkansas Department of Correction.  Those incidents, according to his motion, include insolence, testing positive for marijuana, indecent exposure, using abusive/obscene language, creating unnecessary noise, unexcused absence from work or school, and aggressive or disruptive play.  The motion is granted on that issue.  The defendants must not elicit evidence or mention Pickens' disciplinary history in the presence of the jury unless Pickens opens the door.

Pickens next moves *in limine* to exclude evidence of his numerous grievances and other complaints against guards and others with whom he interacts.  He argues that the only grievances that are relevant are those that pertain to the specific incident in question and his medical issues.  In response, the defendants argue that some of the grievances listed by Pickens as relevant really are not relevant to this case and argues that if Pickens introduces previous grievances, they should be afforded the opportunity to do so as well.  It appears that the parties agree that some grievances may be relevant while others are irrelevant, but they disagree as to which grievances fall into which category.  The Court cannot rule in the abstract as to which grievances are relevant and which are irrelevant. Accordingly, the motion *in limine* is denied on that this point.  The Court will have to rule on the admissibility of particular grievances as they are offered in evidence.

2

**DEFENDANTS' MOTION IN LIMINE**

As noted, the defendants also have filed a motion *in limine*. Their motion moves to exclude evidence of the defendants' prior disciplinary history, as well as evidence pertaining to prior incidents between Pickens and the defendants. They also challenge the testimony of an expert witness, James Rhiner, pursuant to *Daubert* and Fed. R. Civ. P. 702.

The issue of prior incidents, like the issue of Pickens' grievances, cannot be decided in the abstract. Pickens alleges and has the burden of proving that the defendants were deliberately indifferent to a risk of serious harm. Consequently, evidence that one or more of the defendants harbored animosity toward Pickens may be relevant to the issue of deliberate indifference. Whether such evidence is relevant, and whether any relevance is substantially outweighed by the danger of unfair prejudice or the potential for confusion of the issues, cannot be decided in the abstract. Therefore, the motion *in limine* is denied as to the disciplinary history and the history of the defendants and their past interaction with Pickens.

Pickens seeks to present Rhiner's testimony on the danger of ultraviolet lighting, as it relates to his claims of excessive force and unconstitutional conditions of confinement. Rhiner has testified about his education and experience to support his qualifications as a lighting expert and about his conclusions regarding exposure to ultraviolet light for more than eight hours.

The defendants object to his proposed testimony based on Fed. R. Evid. 702, which requires that an expert testify to scientific knowledge which will assist the trier of fact to understand or determine a fact in issue. *See also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-93 (1993). Pursuant to Rule 702, defendants argue the testimony should be based on sufficient facts or data, be the product of reliable principles and methods, and that the witness apply the

3

principles and methods reliably to the facts of the case, *citing*, *Barrett v. Rhodia, Inc.*, 606 F.3d 975, 980 (8th Cir. 2010).  The defendants argue that Rhiner cannot testify as to the cause of any injury to Pickens because he is not a medical expert, did not examine Pickens, did not receive any medical records or reports concerning any injuries suffered by Pickens, did not personally view the location of the incident and is not familiar with any of the specific facts surrounding the incident at issue, other than that Pickens claims to have been exposed to an uncovered ultraviolet light for over fourteen hours.

In response, Pickens argues Rhiner's testimony—that ultraviolet light is dangerous and that anyone subjected to exposure of an uncovered light in excess of eight hours, under any conditions, suffers a risk of some type of harm—is relevant to the issue of excessive force.  Pickens contends force is unconstitutional if one is subjected to an excessive risk of harm and if defendants are deliberately indifferent to that risk.  Pickens contends that Rhiner's testimony could assist the jury in knowledge of the risk levels involved with exposure to ultraviolet light for more than eight hours as relevant to showing the risk of harm, together with an awareness of the danger by the defendants.

Having reviewed the parties' arguments, Rhiner's proposed testimony and the documents supporting his qualifications and conclusions, the Court finds defendants' motion should be granted in part.  Specifically, the Court will permit Rhiner to testify about the dangers of ultraviolet light exposure over certain periods of time, and about his experiences with training individuals concerning the use and maintenance of the lights.  He also will be permitted to render an opinion if given a hypothetical situation.  However, he will not be permitted to testify concerning the specific facts surrounding this case, since he has no knowledge of the conditions under which Pickens was exposed

and no knowledge of injuries suffered by Pickens.  He cannot render an opinion concerning causation or injury to Pickens.

### DEFENDANTS' MOTION FOR PROTECTIVE ORDER

The defendants have filed a motion for protective order regarding employment records that they have produced during discovery.  That motion is granted.  Accordingly, the Court will enter a separate protective order.

### DEFENDANTS' MOTION TO STRIKE

Finally, the defendants have moved to strike plaintiff's deposition designations.  The defendants have not, however, provided either the deposition designations or the portions of which have been designated.  The Court cannot rule on the motion to strike the deposition designations in the abstract.  The lawyers for the parties are directed to consult regarding the motion to strike the deposition designations to see whether or the extent to which those objections can be resolved or narrowed.  On the morning of trial, the lawyers must provide the Court with the depositions and the designations, as well as a list of those designations that cannot be resolved without court intervention.  The Court will then review the relevant portions of the deposition designations and rule sometime during the trial.

### CONCLUSION

For the reasons stated, the plaintiff's motion *in limine* is GRANTED IN PART and DENIED IN PART.  Document #264.  The defendants' motion *in limine* is GRANTED IN PART and DENIED IN PART.  Document #268.  The defendants' motion for protective order is GRANTED.  Document #273.  A protective order will be entered separately.  The Court will take the defendants'

motion to strike plaintiff's deposition designations under advisement and will rule at the trial.

Document #277.

   IT IS SO ORDERED this 4th day of September, 2012.

             *J. Leon Holmes*

             J. LEON HOLMES
             UNITED STATES DISTRICT JUDGE